Jubani AGOSTIN a/k/a Zef
Gjon Volaj, Petitioner,

v.

Michael B. MUKASEY, U.S. Attorney
General,[1] Respondent.

No. 06–4936–ag.

United States Court of Appeals,
Second Circuit.

Feb. 15, 2008.

Charles Christophe, Esq. Christophe & Associates, P.C., New York, N.Y., for Petitioner.

Major R. Coleman, Assistant United States Attorney, St. Thomas, V.I., (Anthony Jenkins, United States Attorney for the District of the Virgin Islands, on the brief) for Peter D. Keisler, Assistant Attorney General, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. ROBERT D. SACK and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Jubani Agostin, also known as Zef Gjon Volaj, a native and citizen of Albania, seeks review of an October 5, 2006 order of the BIA affirming the May 3, 2004 decision of Immigration Judge ("IJ") Matthew J. D'Angelo, denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jubani Agostin a.k.a. Zef Gjon Volaj*, No. A79 669 224 (B.I.A. Oct. 5, 2006), *aff'g* No. A79 669 224 (Immig. Ct. Hartford May 3, 2004). We assume the parties' familiarity with the underlying facts and procedural history of this case.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as a respondent in this case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, supplements and emphasizes particular aspects of that decision, we review the IJ's decision as supplemented by the BIA, including those portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). Although we review factual findings for substantial evidence, *see, e.g., Chambers v. Office of Chief Counsel,* 494 F.3d 274, 277–78 (2d Cir.2007), treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B), and where the denial of relief is based on an adverse credibility finding, our review is "highly deferential," *see Ming Xia Chen v. BIA,* 435 F.3d 141, 144 (2d Cir.2006).

The agency rested its adverse credibility finding in part on inconsistencies between the petitioner's oral testimony, his sworn affidavit, [A 259–62] his airport interview, [A 200–202] and his credible fear interview. [A 205] We conclude that the airport interview, but not the credible fear interview, was appropriately considered in assessing credibility in light of the factors set forth in *Ramsameachire v. Ashcroft,* 357 F.3d 169, 179–80 (2d Cir.2004). Nevertheless, we determine that inconsistencies in the remaining items are sufficiently material that we can confidently conclude that the same credibility finding would be made without reference to the credible fear interview. *See Cao He Lin v. United States Dep't of Justice,* 428 F.3d 391, 401–02 (2d Cir.2005).

In both his affidavit and his oral testimony, petitioner identified a local political figure, Rush Dragu, and assassin Gjoke Noshi as alleged persecutors, describing an incident when the latter man sought petitioner at his inlaws' home. [A 259–61] In his airport interview, petitioner made no mention of these men or events. Instead, he made a statement indicating that his asylum application was based on generally adverse political and economic conditions in Albania, rather than personal persecution: "I cannot afford to feed my family. I am a teacher for 30 years and there is no work or freedom. Little kids on the streets have guns and you never know who could take your life. And that is why I came here ... seeking political asylum." [A 201] This material inconsistency between the airport interview and a subsequent affidavit and testimony serves as a proper basis for an adverse credibility finding. *See Borovikova v. United States Dep't of Justice,* 435 F.3d 151, 159–60 (2d Cir.2006); *Secaida–Rosales v. INS,* 331 F.3d 297 (2d Cir.2003).[2]

The IJ also found implausible several aspects of Volaj's testimony, notably his unarmed family's ability physically to block an armed assassin from entering their home to pursue him, [A 64, 178–80] and Volaj's ability to escape Albania despite the determined pursuit of Noshi, whom petitioner described as possessing limitless influence and political support. [A 68, 154, 156, 168–69, 170, 176–77, 179, 256–60] These determinations of implausibility are well-reasoned and sufficiently based on the record that the IJ reasonably relied upon them. *See Siewe v. Gonzales,* 480 F.3d 160, 168–69 (2d Cir.2007).

---

2. The IJ also found petitioner inconsistent as to his own whereabouts when Noshi came to his in-laws' home. We are unable to review this finding because the relevant portion of petitioner's sworn affidavit has been inadvertently blacked out in the record, and neither party can provide us with a clean copy. [A 261] Here again, however, we confidently conclude that inconsistencies apparent on the record would by themselves have resulted in the same ruling. *See Cao He Lin v. United States Dep't of Justice,* 428 F.3d at 401–02.

The IJ further noted that (1) Volaj inexplicably failed to submit allegedly corroborating letters in his possession, [A 72–73, 164–67] *see Edimo–Doualla v. Gonzales,* 464 F.3d 276, 285 (2d Cir.2006); (2) he submitted other letters that were unsworn; and (3) a supporting affidavit from his wife was too vague to merit significant weight. The agency did not err in concluding that Volaj's failure to corroborate his claim made him unable to rehabilitate his unreliable testimony. *See Zhou Yun Zhang v. INS,* 386 F.3d 66, 78 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296 (2d Cir.2007).

As the only evidence of a threat to Volaj's life or freedom or likelihood of torture depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for withholding of removal and relief under the CAT, as all shared the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 155–56 (2d Cir.2006).

To the extent Volaj asserts that inadequate translation services deprived him of due process, because the record indicates that the IJ did not rely upon the purported translation error to which petitioner objects, Volaj cannot establish the requisite prejudice to prevail on his challenge. *See Zerrei v. Gonzales,* 471 F.3d 342, 347 (2d Cir.2006); *Hartooni v. INS,* 21 F.3d 336, 340 (9th Cir.1994) (holding that "[e]ven if the interpretation was incompetent, [the petitioner] must show that the incompetence prejudiced the outcome of her hearing").

Finally, we deny petitioner's motion to supplement the record in this case, as we are statutorily barred from considering evidence that was not before the agency, *see* 8 U.S.C. § 1252(b)(4)(A) (stating that "the court of appeals shall decide the petition only on the administrative record on which the order of removal is based"), and the agency regulations themselves set forth procedures for motions to reopen for the taking of additional evidence, *see Xiao Xing Ni v. Gonzales,* 494 F.3d 260, 262 (2d Cir.2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).